UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TWIST AND SHOUT MUSIC,<br>CREEPING DEATH MUSIC,<br>WB MUSIC CORP., MIKE<br>CHAPMAN PUBLISHING<br>ENTERPRISES AND<br>KNIGHTY-KNIGHT MUSIC, | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. |
| | )<br>) | **COMPLAINT** |
| Plaintiffs, | )<br>) | |
| -against- | )<br>) | |
| CANTERBURY PARK HOLDING<br>CORP. AND RANDALL D. SAMPSON, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

RECEIVED
05 OCT 18 PM 3:
CLERK
MINNEAPOLIS

Plaintiffs, for their complaint against Defendants, allege:

1.     This is a suit for copyright infringement under Title 17, U.S.C.

Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2.     Plaintiffs allege four (4) causes of action for copyright infringement

based on the Defendants' public performances of copyrighted musical compositions.

SCHEDULE A annexed to the Complaint sets forth in summary form the allegations herein-

after made with respect to the Plaintiffs, their copyrighted musical compositions, and Defen-

dants' acts of infringement.

3.     Plaintiffs named in Column 2 (all references to columns are to columns

in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are

properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4.      Defendant Canterbury Park Holding Corp. is a Minnesota corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Canterbury Park, located at 1100 Canterbury Rd., in Shakopee, in the State of Minnesota.

5.      Defendant Randall D. Sampson is a resident of this District and, at all times hereinafter mentioned was and still is President, Chief Executive Officer and general manager of Defendant Canterbury Park Holding Corp., with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation.  The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6.      Musical compositions were and are publicly performed at said place of business.

7.      The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8.      The compositions named in causes of action 2 through 4 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

9.      The composition named in cause of action 1 was registered as an un-published composition on the date stated in Column 5.

10.     The Plaintiffs named in each cause of action, including their pre-decessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the

2

exclusive rights and privileges in and to the copyright of each composition listed in Column

3, and received from the Register of Copyrights a Certificate of Registration, identified as

set forth in Column 6.

11.     The composition AT LAST for which there are entries in Columns 7

and 8 is now in the renewal term of copyright, secured by due filing of an application for

renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights

thereupon issued a Certificate of Registration of the claim to the renewal of copyright in the

name of the claimant listed in Column 7. The dates and identification numbers of such

certificates are set forth in Column 8.

12.     Defendants on the dates specified in Column 9, and upon information

and belief, at other times prior and subsequent thereto, infringed the copyright in each com-

position named in Column 3 by giving public performances of the compositions on

Defendants' premises, for the entertainment and amusement of the patrons attending said

premises, and Defendants threaten to continue such infringing performances.

13.     The performances of the Plaintiffs' copyrighted musical compositions

on the dates specified in Column 9 on Defendants' premises were unauthorized: neither

Defendants, nor any of the Defendants' agents, servants or employees, nor any performer

was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or

employee of any Plaintiff to give such performances.

14.     In undertaking the conduct complained of in this action, Defendants

knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent

are established by the following facts:

3

(a)  For periods prior to August 15, 2004, Defendants held a license agreement from the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.  That license agreement authorized public performance of any or all of the hundreds of thousands of copyrighted musical compositions in the ASCAP repertory at Defendants' establishment, Canterbury Park.  In return for their license, Defendants agreed to pay license fees to ASCAP.

(b)  Defendants, however, failed to pay license fees as required by the license agreement, and on August 15, 2004, upon due notice, ASCAP terminated the agreement for default.  Subsequently, ASCAP offered to reinstate Defendants' license if Defendants would pay the license fees owed under the terminated license agreement.  Defendants rejected ASCAP's offers.

(c)  Despite repeated reminders of their  liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment.  The many unauthorized performances at Canterbury Park include performances of the four copyrighted musical compositions upon which this action is based.

4

15.  At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

16.  The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.


Dated: _____, 2005          FAEGRE & BENSON LLP


                                       _____
                                       Felicia J. Boyd (#186168)
                                       2200 Wells Fargo Center
                                       90 South Seventh Street
                                       Minneapolis, MN  55402-3901
                                       Telephone: (612) 766-7000

                                       Attorneys for Plaintiffs

6

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | TWIST AND SHOUT MUSIC | SEPARATE WAYS (WORLD'S APART) | JONATHAN STEVE PERRY | REGISTERED AS UNPUBLISHED 7/29/82 | PAU 425-539 | | | 5/20/05 |
| 2. | CREEPING DEATH MUSIC | ENTER SANDMAN | JAMES HETFIELD LARS ULRICH KIRK HAMMETT | 8/9/91 | PA 537-292 | | | 5/20/05 |
| 3. | WB MUSIC CORP. | AT LAST | MACK GORDON HARRY WARREN | 7/2/42 | EP 105826 | TWENTIETH CENTURY MUSIC CORP. AS "PROPRIETOR IN A WORK MADE FOR HIRE"; HARRY WARREN, AS "AUTHOR". | 7/2/69 R 464802 | 6/17/05 |
| 4. | MIKE CHAPMAN PUBLISHING ENTERPRISES AND KNIGHTY-KNIGHT MUSIC | THE BEST | HOLLY KNIGHT MIKE CHAPMAN | 3/5/88 | PA 396-349 | | | 5/20/05 |

SCHEDULE "A"